MARTIN v. ALEXANDER.   (No. 1071.)

(Court of Civil Appeals of Texas. El Paso. Feb. 12, 1920.)

1. MANDAMUS ⬥⟾105—DOES NOT LIE TO COUNTY TREASURER TO COMPEL PAYMENT OF REJECTED CLAIM.

Under Rev. St. 1911, art. 1509, prohibiting payment by county treasurer, except on certificate or warrant from some officer authorized by law to issue it, and article 2241, subd. 8, empowering and making it the duty of the county commissioners' court to audit and settle all accounts against the county and direct their payment, commissioners' court having refused to allow such an account, the district court, though under Const. art. 5, § 8, having jurisdiction and general supervisory control over the commissioners' court, cannot, by original and direct mandamus proceeding against such treasurer, compel him to pay the claim.

2. COUNTIES ⬥⟾206(3) — WHERE COMMISSIONERS REJECT CLAIM REMEDY IS BY ACTION AGAINST COUNTY.

Where the commissioners' court refuses to allow a claim against the county, the remedy is by direct suit against the county.

3. COUNTIES ⬥⟾165—PAYMENT BY TREASURER NOT AUTHORIZED BY WARRANT ISSUED BY DISTRICT COURT CLERK.

Warrant issued by clerk of district court against the county treasurer, pursuant to order of the judge, does not come from an officer authorized by law to issue it, without which Rev. St. art. 1509, forbids such treasurer to pay any money out of the county treasury.

4. APPEAL AND ERROR ⬥⟾179(2), 544(3), 846(5) —THERE IS FUNDAMENTAL ERROR, REQUIRING REVERSAL OF ORDER FOR PLAINTIFF, COMPLAINT BEING SUBJECT TO GENERAL DEMURRER.

The petition by its allegations affirmatively showing the infirmity of the demand asserted, and therefore being subject to a general demurrer, a question of fundamental error, necessitating reversal, is presented, though defendant filed no answer, offered no evidence, and has brought up no bills of exception, statement of fact, nor conclusions of fact and law.

Error from District Court, Callahan County; Joe Burkett, Judge.

Action by R. L. Alexander against W. C. Martin. From an order against defendant to draw a warrant, he brings error. Reversed and rendered.

F. S. Bell, of Baird, for plaintiff in error.
Otis Bowyer, of Baird, for defendant in error.

HIGGINS, J. Alexander, defendant in error, brought this suit against W. C. Martin, county treasurer of Callahan county, plaintiff in error, alleging that theretofore the sheriff of Callahan county, in pursuance of an order of the district court of that county, purchased from Alexander 12 chairs, of the reasonable value of $110, in the name of, and for the use and benefit of, Callahan county, and for the comfort and benefit of jurors in the district and county courts; which chairs were then being used by said jurors in both courts, and are necessary for such purpose; that after such purchase Alexander presented his account therefor to the commissioners' court of Callahan county for allowance, and the same was refused by the court; and that on March 31, 1919, the district court of Callahan county issued an order to the clerk of said court to draw a warrant in the sum of $110 in favor of Alexander, and to deliver the same to him in payment for the chairs; that in pursuance of said order the clerk of said district court drew a warrant as directed on said treasurer, and delivered the same to Alexander, and Alexander presented same to the plaintiff in error, who refused to pay the same; that the warrant was legally issued by the proper officer of the district court upon order legally made, and no just ground existed for the refusal to register and pay same, wherefore the defendant in error sought the issuance of the writ of mandamus, requiring and compelling the said treasurer to pay off and discharge said warrant. The order of the district judge, directing the clerk to draw the warrant upon the treasurer, and the warrant drawn by the clerk in pursuance of such order were attached to and made part of the petition. Upon the hearing the plaintiff in error filed no answer, but appeared and answered orally, whereupon the court held that the warrant was issued by lawful authority, and was a legal demand against the county, and should be paid by the county treasurer drawing his warrant therefor upon the county depository, and a mandatory order was entered, directing the plaintiff in error to forthwith draw his warrant upon the county depository in favor of defendant in error in the sum of $110. From this order the county treasurer prosecutes this writ of error.

#### Opinion.

[1] Article 1509, Revised Statutes, forbids the county treasurer to pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same. In subdivision 8 of article 2241 it is provided that the commissioners' court shall have the power, and it shall be their duty, to audit and settle all accounts against the county

and direct their payment. The petition in this case, upon its face, discloses that the chairs were bought from Alexander in the name of and for the use and benefit of Callahan county. Clearly the claim of Alexander was against Callahan county. Defendant in error has called our attention to no statutory authority upon the part of the district court to pass upon and allow claims of this nature against the county, and authorizing it to direct the county treasurer to pay the same, nor have we been able to find any such provision in the law. Section 8, article 5, of the Constitution confers upon the district court appellate jurisdiction and general supervisory control over the county commissioners' court, but it is not pretended that in the issuance of this order the district court was exercising any appellate jurisdiction or general supervisory control over the county commissioners' court. Upon the contrary, this is an original and direct proceeding against the county treasurer to compel him to pay a claim against the county which the commissioners' court has rejected, and which has not been reduced to judgment.

[2] The remedy of the relator, if his claim is a just demand, is by a direct suit against the county.

[3] Upon the views stated the order of the district judge to the district clerk, directing the issuance of a warrant against the treasurer, and the warrant issued by the clerk in pursuance of that order, did not come from any officer authorized by law to issue the same, and under the provisions of article 1509, R. S., the treasurer rightly refused to pay the same.

[4] The defendant in error contends that this court cannot review the action of the district court herein, because the plaintiff in error filed no answer, offered no evidence, and has brought up no bills of exception, statement of fact, nor conclusion of fact and law. This is of no consequence, in view of the fact that the allegations of the petition affirmatively show the infirmity of the demand asserted. The petition is subject to a general demurrer, which presents a question of fundamental error and necessitates reversal.

Reversed, and judgment here rendered dismissing the suit.