

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

> Opinion No. 0-2097
> Re: Liability of assessor-collector
> for costs in mandamus proceed-
> ings brought against him.

Thank you for your letter of March 18, 1940, supplemented by your letter of April 23, 1940, in which you enclosed copies of petitions in two suits filed against the tax assessor-collector of Bexar County, Texas. Both of these actions were mandamus proceedings brought by citizens and residents of Bexar County, Texas, to compel the tax assessor-collector of that county to perform a ministerial duty. In both suits judgment was rendered for the plaintiff and the costs were assessed against the defendant. In both instances the suit was brought against the assessor-collector individually and as assessor and collector of taxes in Bexar County, and you desire to know whether or not these suits may be considered as suits against the county so as to relieve the assessor-collector of the payment of costs assessed against him.

A more complete statement of the facts surrounding these actions appears in your letter of March 18, 1940, from which we quote:

> "A citizen of Bexar County who is engaged in the profession of private tax examining made a demand on the Assessor and Collector of Bexar County to enter that part of the office which is closed off from the public and located where all records are kept to have free access to all the records

Honorable E. G. Garvey, Page 2

pertaining to delinquent taxes.

"The Assessor and Collector advised this citizen that he would gladly permit him and grant him this privilege to enter this part of the office to see and inspect any particular item in his office if he would state what items he desired to see but that if he did not do this, he would refuse to grant him this privilege. This citizen did not state what items he desired to see so the Assessor and Collector refused him this privilege, stating that he felt that if the public was allowed to enter this part of the office, which is not closed off from the Collection Department, and this being at a period when heavy tax collections were being made, that he might be endangering the County funds.

"The Assessor and Collector, however, stated that this was his construction of the law on this matter. He also stated that if the Criminal District Attorney of this County as legal adviser, advised him that this construction was in error, he would be guided by and do as the Criminal District Attorney ruled.

"Before the Criminal District Attorney had ruled on this question, this citizen took this matter before the County Commissioners' Court and the Criminal District Attorney advised the Court that they had no jurisdiction in the matter. Therefore, the Court took no action and this citizen filed suit against the Assessor and Collector individually and as Assessor and Collector of Taxes of Bexar County.

"The case was tried in the 45th District Court of Bexar County and the Criminal District Attorney represented the Assessor and Collector in this suit and judgment was rendered in favor of the plaintiff and costs assessed against the defendant.

"Article 3912-E states that no county shall pay to any officer in any county containing a population of 20,000 inhabitants or more according to the last preceding Federal census, any fee or commission for any service by him performed as such officer. As stated above, this suit was brought against the Assessor and Collector individually and as Assessor and

Honorable E. G. Garvey, Page 3

Collector of Taxes of Bexar County and the Commissioners' Court was not made a party to this suit.

"Question: Is the Assessor and Collector liable for the payment of these costs to the District Clerk or can this case be legally classified as a suit against the County which would relieve the Assessor and Collector of the payment of these costs?

"Another suit regarding the redemption fee of $1.00 allowed in Article 7331 was filed by this same citizen against the Assessor and Collector individually and as Assessor and Collector of Taxes of Bexar County, the Commissioners' Court not being made a party to this suit. The County was naturally very interested in the case as it involved the revenues of the county.

"The judgment in this case was also rendered in favor of the plaintiff and costs assessed against the defendant. This judgment of course means a loss in revenue to the county. The Criminal District Attorney also represented the Assessor and Collector of Taxes in this case.

"The question here is the same as above mentioned, Is the Assessor and Collector liable for the payment of these costs to the District Clerk or can this case be legally classified as a suit against the county, which would relieve the Assessor and Collector of the payment of these costs?"

Article 2056 of the Revised Civil Statutes, 1925, reads as follows:

"The successful party to a suit shall recover of his adversary all costs occurred therein, except where otherwise provided."

Article 1980 of the Revised Civil Statutes, 1925, provides that:

"Suits by or against a county or incorporated city, town or village shall be in its corporate name."

Honorable E. C. Garvey, Page 4

A case similar to the one at hand was August A. Busch & Co. v. Cauffield (C.C.A. 1911), 138 S. W. 1108, in which a mandamus proceeding was instituted by relators against the County Judge and County Clerk of McKinney County, Texas, respondents, individually and in their representative capacities, to compel them to issue to relators a county warrant in payment of their claims against the county. Costs were taxed against respondents as individuals and an appeal was taken to the Court of Civil Appeals insisting that the court should tax the costs against them in their official capacities and not as individuals, so that they might recover costs already paid by them from the county. This the court declined to do and in the course of its opinion it said:

"It is not shown by the motion that they have any funds in their hands as such officers with which to pay such costs, and we presume that there are no such funds at their disposal. Therefore, to retax the costs, so that plaintiffs could recover against them only in their official capacity, would, in the absence of such showing, be equivalent to holding that appellants were not entitled to recover their costs, which would contravene the provisions of article 1425, Sayles' Rev. Stat. 1897, which provides that the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law. It is said in 26 Cyc. p. 511, speaking with reference to costs in mandamus cases: 'In construing statutes, courts have generally followed the general rule in civil actions and awarded costs to the prevailing party.'

"In declining to issue the writ, it is true, they acted upon the second order of the commissioners' court rescinding the first order, but in doing so they were not protected by reason of said second order, since the same transcended the power of the commissioners' court. Doubtless the commissioners' court, under the circumstances, will refund the costs so paid by them, but we are not justified in taxing the costs otherwise than we have already done; for which reason the motion is overruled."

In Gouhenour v. Anderson (C.C.A. 1904), 35 C.A. 569, 81 S. W. 104, it was held that notwithstanding certain county commissioners, defendants in a mandamus proceeding brought against them, had resigned from office after the institution of the suit against them, they were nevertheless personally liable for costs. In the course of its opinion the court said:

"Whether the succeeding members should be cited, and thus made formal parties to the proceeding, or be treated as already before the court, is a question on which the authorities do not seem to be altogether satisfactory; but we are of opinion that where the body proceeded against, like the commissioners' court of Texas, is not a corporate body, such members should be cited. It does not follow, however, from this, that the resigning members complained against could thus relieve themselves of all liability, since appellant would be entitled to keep them before the court to abide the final judgment as to costs at least, the rule being, 'as between public officers and their successors costs are to be allowed against the incumbent of the office who was guilty of the default which gave rise to the mandamus proceedings.' 15 Ency. Pl. & Pr. 820." (Underscoring ours)

Your request presents a situation which is also similar to that involved in the case of Pearsall et al v. Woolis, (C.C.A. 1899), 50 S. W. 959. There mandamus was instituted against school trustees to compel them to recognize as a teacher one claiming the right to teach under a contract with the school board. It held that the trustees were properly joined both as trustees and as individuals and that they were liable personally and individually for the costs of the proceeding if the plaintiff prevailed. We presume that the judgment in each of the suits brought against the assessor and collector of taxes of Bexar County assessed the costs against the defendants, making no distinction as to their individual or representative capacities. Yet the defendants were personally and individually affected by the judgment, and as such were personally and individually liable for the costs. Pearsall et al v. Woolis, supra; see also 28 Tex. Jur. 851; 11 Tex. Jur. 263.

Honorable E. G. Garvey, Page 6

As a rule it is true that in a suit brought against one in his representative capacity, he is not liable for the costs as an individual. 11 Tex. Jur. 262. It is also true that the manner in which costs are assessed is largely within the discretion of the trial court. The exceptions to these rules, however, are as well established as the rules themselves, and one such exception is a mandamus proceeding brought against an officer to compel him to perform a ministerial duty. There costs may be assessed against the officer as an individual. Pearsall v. Woolls (C.C.A. 1899) 50 S. W. 959; Gouhenour v. Anderson, 35 C. A. 569, 81 S. W. 104. Moreover, when the officer is joined both as an individual and in his representative capacity, in the absence of a showing of funds on hand sufficient to pay the costs, the court will not assess them against the officer in his official capacity. Busch & Co. v. Cauffield, 138 S. W. 1108.

For another reason we hold that costs assessed against county officers in mandamus proceedings brought against them to compel them to perform a ministerial duty are properly assessed against them as individuals. It is well settled that a proceeding brought by mandamus to compel an officer to perform a ministerial duty imposed upon him by law is not a suit against the State. Laidlaw Bros. v. Marrs, 114 Tex. 561, 273 S. W. 789; Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24; 38 Tex. Jur. 858. We believe that it is equally clear that a proceeding brought by mandamus to compel a County Tax Assessor-Collector to perform a ministerial duty imposed upon him by law is not a suit against the County. As stated in the Jernigan case, supra, "It does not follow that because an officer is called a county officer, the functions he exercises are exercised for the quasi corporation." The interests of the county are not subserved by a county officer being derelict in the performance of positive duties enjoined upon him by law. Moreover, Article 1980 of the Revised Civil Statutes, requires that suits brought against a county be brought against it in its corporate name. Under this Article it has been held that if the purpose of the suit is to hold the county liable or in any way to affect its interests, the County is a "necessary party" and a county is not made a party defendant by joining the county officers alone. Allison v. Ellis (C.C.A.) 248 S. W. 814; Estes v. Commissioners' Court of Hood County (C.C.A. 1938), 116 S. W. (2d); Miller v. Snelson, (C.C.A. 1939) 126 S. W. (2d) 504, as affirmed by the Commission of Appeals, 129 S. W. (2d) 288; 11 Tex. Jur. 616.

Honorable E. G. Garvey, Page 7

Consequently, it is the opinion of this department and you are respectfully advised that when judgment is had against a county officer and his deputy in mandamus proceedings brought against them to compel the performance of ministerial duties, defendants being joined in their individual and official capacities, and judgment is for relator and costs are assessed against the respondents, respondents are personally and individually responsible for the costs.

It is the further opinion of this department that neither a mandamus proceeding brought against a county tax assessor-collector to compel him to perform the ministerial duty of accepting relator's tender of taxes and the issuance of a receipt therefor, nor a mandamus proceeding to compel the assessor-collector of taxes and his deputy to allow relator to access to the delinquent tax and other public records under their control, may be classed as "suits against the county" (the county not being joined in its corporate name as a party defendant) so as to relieve defendants of the payment of costs of suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James Smullen

JS:BBB

APPROVED MAY 2, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN