**W. E. PRATER et ux., Appellants,**

v.

**Weldon AMES et al., Appellees.**

No. 7119.

Court of Civil Appeals of Texas.

Texarkana.

April 28, 1959.

Wm. V. Brown, Jr., Brown & Brown, Texarkana, for appellants.

Bun L. Hutchinson, Norman C. Russell, Texarkana, for appellees.

FANNING, Justice.

Appellants W. E. Prater and wife brought suit in the 102nd Judicial District Court in Bowie County, Texas, against Weldon Ames, individually and as Commissioner of Precinct No. 1, Bowie County, Texas, Stuart E. Nunn, County Judge of Bowie County, Texas, and Bruce Kennedy, d/b/a Kennedy Construction Company, seeking a temporary injunction to restrain said defendants from entering upon their land and seeking judgment for damages by reason of entry upon said land. A temporary restraining order was granted on August 18, 1958.

Prior to the institution of appellants' suit, Bowie County, Texas, had instituted em-

inent domain proceedings against appellants for the purpose of securing additional right of way for a county road upon the land and premises described in plaintiffs' first amended petition. The petition for condemnation was filed with the County Judge of Bowie County, Texas, on June 3, 1958. Special Commissioners in Condemnation were duly appointed and duly qualified as provided by law; they duly entered their order setting the time and place for hearing; proper notices were duly issued and duly served upon appellants as provided by law and thereafter, on June 13, 1958, a hearing in condemnation in said cause was duly held before said Special Commissioners. Appellants appeared in person and by their attorney at said hearing and presented evidence upon the issues of compensation and damages to be awarded them by reason of the condemnation and taking of the premises in question. It was shown at the hearing before the Special Commissioners by testimony offered by appellants that commercial timber of the reasonable market value of $50 and a fence of appellants of the reasonable value of $344 were located on the premises of appellants sought to be condemned. On June 14, 1958, appellants received information that the amount of the award of the Special Commissioners in said cause was to be $420. The formal award of $420 was not signed and entered, however, until June 18, 1958. In the interval between the 13th and 18th of June, 1958, appellants sold or exchanged the commercial timber on the premises in question to a pulpwood dealer receiving lumber of the value of $50 (or more) ; and appellants also during such interval removed the existing fence (which appellants previously testified was worth $344) from the premises in question.

The petitioner in condemnation, Bowie County, Texas, upon learning of the action of appellants in removing the timber and fence from the condemned property, on June 23, 1958 filed its objections to the award of the Special Commissioners.

Bowie County, Texas, did not pay the $420 award into the registry of the Court.

On June 24, 1958, appellants filed their objections to the award of the Special Commissioners. Thereafter, Bowie County, Texas, through its officials, agents and employees, and Bruce Kennedy, d/b/a Kennedy Construction Company, as contractor under Bowie County, Texas, entered upon the premises in controversy and began construction of the county roadway until restrained on August 18, 1958, by the temporary restraining order.

On August 25, 1958, the trial court heard appellants' application for temporary injunction and appellees' pleas in abatement and answers. After hearing the evidence, the trial court dissolved the temporary restraining order, denied the temporary injunction sought, and dismissed appellants' suit at appellants' costs. Appellants have appealed.

The condemnation proceeding in question is still pending in the County Court of Bowie County, Texas.

Appellants in their brief, among other things, contend to the effect that the trial court erred in refusing to grant the temporary injunction and erred in dismissing their suit because the award of the Special Commissioners had not been paid and that therefore appellees were trespassers upon appellants' property.

Appellees contend, among other things, that Bowie County, Texas was a necessary and indispensable party to the suit in question, and not having been made a party thereto, the trial court correctly sustained defendants' plea in abatement and correctly dismissed appellants' suit.

Appellees also further contend in their brief to the effect that under the unusual circumstances of this case where appellants learned of the $420 award in advance of its entry and where appellants removed timber and a fence from the condemned premises,

of the reasonable aggregate value of $394, appellants secured payment of the award (at least in major part) and had by such actions waived payment of the $420 award, that under such circumstances it would have been inequitable for Bowie County to have paid the $420 award and to have allowed the appellants to draw down such award after having removed the major items of value from the premises which were to be compensated for by such award, and that appellants by their conduct above related under the equitable doctrine of not having "clean hands" were not entitled to the equitable relief sought.

■ Upon oral argument in this Court, attorneys for appellants and appellees stated that the question of temporary injunction in this case was now moot since the county road had been built and constructed over the premises in question and that the only remaining question before this Court was whether the trial court erred in dismissing appellants' suit. In view of the statement of the parties that the temporary injunction matter is now moot, we will not discuss this feature of the case further, except to state it is our opinion that under the unusual and peculiar facts in the record in this case the trial judge did not err in denying the temporary injunction sought by appellants.

■ Appellants in their district court suit in this cause did not sue Bowie County, Texas, the real party who was taking appellants' property through condemnation proceedings, but sued only County Judge Nunn, County Commissioner Ames, individually and in his official capacity, and Kennedy, the road contractor, all of whom were acting for Bowie County, Texas, the condemning authority. Appellees' plea in abatement, contending that Bowie County, Texas, was a necessary and indispensable party to this suit, was well taken and the trial court did not err in sustaining same and dismissing appellants' suit. See Allison v. Ellis, Tex.Civ.App., 248 S.W. 814, and authorities cited therein.

■ It is our further view that appellants under the record in this case do not have any valid cause of action for damages against the defendants County Judge Nunn, County Commissioner Ames, and Contractor Kennedy. In this connection, see Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642, 645, wherein it is stated:

"*To hold for the respondents under the facts here would compel the contractor to bear a portion of the cost of obtaining the right of way.* * * *

"As pointed out by the petitioners, *the measure of damages is the same whether the issue is tried by special commissioners, in the county court on appeal or in the district court on cross-action or by intervention.*

"While technically it may be said that the entry by the contractor as the agent of the City constituted a separate cause of action against the City, *yet, under the circumstances in such a case as this, to require the trial of two separate causes of action with double consumption of time and expense, when all of the damage actually was occasioned on account of the public improvement project and in pursuance thereto, would be a hardship on all parties, as well as useless and* unnecessary. The destruction of the trees is an element of value to be considered in determining the compensation owed by the City to the landowner for the acquisition of the easement across his property. *The City is the only party liable for the right of way taken and used in the construction of a public improvement.*

"The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is dismissed *without prejudice to right of respondents to present their claim for damages in the condemnation suit now pending.*" (Emphasis added.)

Each and all of appellants' points have been carefully considered, none of them

are deemed as presenting reversible error under this record, and same are respectfully overruled.

The judgment of the trial court is affirmed without prejudice to the right of appellants to litigate such lawful claims for damages and compensation as they may be justly entitled to in the condemnation suit between appellants and Bowie County now pending in the County Court of Bowie County, Texas.

Affirmed.

DAVIS, J., not participating.