**ALLISON, County Judge, et al. v. ELLIS et al. (No. 6962.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1923. Rehearing Denied March 14, 1923.)

Highways ⬅️130½, New, vol. 12A Key-No. Series—County held necessary party in action to restrain performance of county commissioners' contract for road construction work.

In a suit to restrain the performance and execution of a contract between the county commissioners' court and a construction company for road construction work, the county, being materially affected by the suit, was a necessary party, under Rev. St. art. 1835, providing that all suits brought by or against any of the counties, or incorporated cities, towns, or villages shall be by or against it in its corporate name.

Appeal from District Court, Edwards County; Jos. Jones, Judge.

Suit by C. W. Ellis and others against A. P. Allison, County Judge, and others, for an injunction. From an order overruling a motion to dissolve a temporary injunction, and overruling a plea of nonjoinder, defendants appeal. Reversed, and temporary injunction dissolved.

L. Old, of Uvalde, and J. E. Friestman, of Rock Springs, for appellants.

Thurmond & Belcher, of Del Rio, for appellees.

FLY, C. J. This is an appeal from the interlocutory order of the district judge of the Sixty-Third judicial district of Texas, overruling a motion to dissolve a temporary injunction theretofore granted by him, and overruling a plea of nonjoinder of Edwards county as a defendant in a suit wherein C. W. Ellis, Minter Parker, J. S. Brown, and Ira Wheat were plaintiffs, and A. P. Allison, county judge, J. W. Babb, H. R. Perkins, O. L. McNealy, and W. J. Greer, county commissioners, S. A. Hough, county clerk, Minnie Clark, county treasurer, W. C. Simpson, county engineer, all officers of Edwards county, Tibbetts Construction Company, a partnership, Louis M. Ashburn, and George F. Ashburn were defendants. The object of the suit was to restrain the defendants, appellants herein, from the performance and execution of a certain contract made by and between the commissioners' court of Edwards county and the construction company and the Ashburns for the construction of 4,000 lineal feet of macadamized public road in commissioners' precinct No. 1, Edwards county, evidently being the extension of a road already constructed on what is known as the Rock-Springs-Barksdale road. It was alleged that the contract was made for over $2,000 on or about December 1, 1922, and was made without first submitting the same to competitive bids, and without public notice of the time and place of the letting of such contract, as required by the general laws of 1917.

Edwards county in its capacity as a municipal corporation was not made a party to the suit, but merely its officers and agents were joined with the contractors as parties defendant. Through article 1835, Revised Statutes of Texas, it is provided:

"All suits brought by or against any of the counties or incorporated cities, towns or villages shall be by or against it in its corporate name."

If this suit is against Edwards county or materially affects it in any manner, then it is a necessary party to the suit under the plain mandate of the statute cited. So the statute has been constructed in a number of cases. Renshaw v. Arnett (Tex. Civ. App.) 158 S. W. 1197; Texas Co. v. Daugherty (Tex. Civ. App.) 160 S. W. 129; Vance v. Miller (Tex. Civ. App.) 170 S. W. 838; Veltmann v. Slatar (Tex. Civ. App.) 200 S. W. 539; Martin v. Alexander (Tex. Civ. App.) 218 S. W. 653; Basham v. Holcombe (Tex. Civ. App.) 240 S. W. 691. In the last-cited case it was said:

"For an additional reason the trial court's refusal of the injunction must be sustained. Although the suit was an effort to restrain the officials of the city from making a contract on its behalf with, and from paying out its money to, a designated peson, neither the city itself nor the person affected were made parties, as has been before stated. Under well-settled authority, both were necessary parties to a proceeding so directly and vitally affecting their interests."

A large number of decisions are cited which sustain the text. It is a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are necessary parties, either as plaintiffs or defendants. Says Mr. Pomeroy in his Equity Jurisprudence, § 114:

"The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in one suit the rights and duties of all the parties, which really grow out of or are connected with the subject-matter of that suit. Its fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit. * * * The primary object is that all persons sufficiently interested may be before the court, so that the relief may be properly adjusted among those entitled, the liabilities properly apportioned, and the incidental or consequential claims or interests of all may be fixed, and all may be bound in respect thereto by the single decree."

It cannot with any degree of sound reasoning be contended that the county will not be affected by the decree rendered in this case, whether it be to sustain the acts of its officers and agents or to annul them. Neither can a want of necessary parties be disregarded on an assumption that the allegations of the petition show an invalid contract by which the county is not bound. The demands for the necessary parties in a court of equity cannot be met in any such way. The county has the right to be in at the death of a contract to which its officers have bound it. Its interests cannot be determined in a suit to which it is not a party. Again no decree should be rendered which would not be res adjudicata of every matter in the case, and, as said in Vance v. Miller, herein cited:

"Without a decree against the corporation there would be nothing to prevent any future officer from proceeding to collect the taxes complained of under the present records, which

must be held so defective as not to authorize the tax collector to collect the taxes assessed."

The only question presented to this court is whether the county of Edwards is a necessary party to this suit, and we hold that it is. In view of a reversal we would call the attention of the trial court to the full discussion of article 2268a, Vernon's Tex. Civ. Stats., 1918 Supp., found in Hunter v. Whiteaker (Tex. Civ. App.) 230 S. W. 1096, which was given by this court and approved by the Supreme Court. It will be noted from the law and its discussion in that case that there are exceptions that may have a bearing on this case when developed.

The judgment is reversed and the temporary injunction dissolved.