**CHRISTIAN et al. v. HOOD, County Judge, et al.  (No. 3304.)**

Court of Civil Appeals of Texas. Amarillo.
July 13, 1929.

Works & Bassett, of Amarillo, for appellants.

Madden, Adkins & Pipkin, of Amarillo, for appellees.

RANDOLPH, J. This suit was filed by appellants W. S. Christian, T. I. Harbour, and Roy Womble, hereinafter called plaintiffs, against H. M. Hood, county judge of Hutchinson county, Tex., H. B. Terry, J. T. Claybrook, J. R. Kirk, and George Collins, county commissioners of said county, J. M. Hedgecoke, Jr., county treasurer, A. S. Johnson, county auditor, Mrs. Ona Bryan, county and district clerk of Hutchinson county, and Hutchinson county, an organized county unit of government in the state of Texas, hereinafter called defendants, in which suit plaintiffs sought a temporary writ of injunction, enjoining the performance of the contract hereinafter noted, and that the commissioners' court be restrained from accepting the services of Cahill & Co. or ordering or directing to be entered upon the minutes the payment of any sum of the county's money whatever to said Cahill & Co.; that Mrs. Ona Bryan, the county clerk, be restrained and prohibited from issuing or signing any warrants drawn in favor of Cahill & Co. by any one, covering any work relating to the audit by Cahill & Co. of the county finances; that said treasurer, J. M. Hedgecoke, Jr., be enjoined, prohibited, and restrained from paying out any funds of Hutchinson county in warrants which may be presented to him in payment to Cahill & Co. or indorsee or assignee, relating to any work done by them (Cahill & Co.) upon and concerning said order; that said pretended contract be declared void and unenforceable and removed as a cloud upon the supposed liability of Hutchinson county, and that in the meantime, if any amounts of money shall have been paid by defendants or either of them to said contractors, then that upon trial plaintiffs, for the use and benefit of Hutchinson county, have and recover said amounts from the defendants, together with 6 per cent. interest thereon from the dates of said respective payments, for costs of suit, and for such other and further relief, general and special, at law as well as in equity, etc.

The plaintiffs allege in their petition that the defendant commissioners' court entered into a pretended contract with L. E. Cahill & Co., whereby the latter were to make an audit of the fiscal affairs of said county, and were to audit, check up, and prepare a financial statement of the receipts and disbursements of said fiscal affairs, and for which the coun-

ty was to pay senior accountants engaged in said work $25 per day, together with all living expenses of said accountants while engaged in said work; that said contract purports to be signed by Hutchinson county, by H. M. Hood, county judge, and L. E. Cahill & Co., by L. E. Cahill, one of the partners and general manager.

■■ It is apparent, therefore, that Cahill & Co. were parties at interest in said contract which is sought to be declared void, and, in our opinion, a necessary party to this suit. The plaintiffs' suit, as shown in the above statement, does not make Cahill & Co. a party to this suit either as plaintiffs or defendants, hence the district court was without jurisdiction to consider and determine the matter of the validity of the contract between Hutchinson county, by its commissioners' court, and Cahill & Co., and this court is without jurisdiction to consider an appeal herein. Bonner v. City of Texarkana (Tex. Civ. App.) 227 S. W. 505. As stated in the case of Dial v. Martin (Tex. Civ. App.) 8 S.W.(2d) 241, 246, the rule is settled in Texas that all parties to a deed, contract, or other writing must be made either party plaintiff or defendant in an action for cancellation and rescission of such instrument. See authorities cited in said case. The effect of this application for an injunction is to annul the contract between Hutchinson county and Cahill & Co. without making Cahill & Co. a party. As their rights must be adjudicated before the contract between the parties could be cancelled, it is clear that Cahill & Co., were necessary parties. See, also, Dallas County Bois d'Arc Island Levee District v. Glenn (Tex. Com. App.) 288 S. W. 165, 166, 167; Mrs. E. M. Rice et al. v. State of Texas, 20 S.W.(2d) —, opinion by this court.

There are many questions presented by the record in this case which we do not attempt to discuss, for the reason, as we view it, the jurisdiction of this court has not attached; hence we have no authority to pass upon such other questions.

We therefore dismiss the appeal in this cause.