## ESTES et ux. v. COMMISSIONERS COURT OF HOOD COUNTY et al.

### No. 13812.

Court of Civil Appeals of Texas. Fort Worth.

April 22, 1938.

Estes & Estes, of Granbury, for appellants.

E. M. Dodson, of Marlin, for appellees.

DUNKLIN, Chief Justice.

This suit was instituted by Roy E. Estes and wife against the Commissioners Court of Hood County and the members thereof, including the county judge, as its presiding officer, the tax assessor and collector of the county, and W. F. Turner and E. M. Dodson, to restrain the carrying out and performance of a certain contract made by the Commissioners Court for and in the name of the county, with defendants, Turner and Dodson, a copy of which was attached to plaintiffs' petition as a part thereof.

The contract embodies the following stipulations:

"Whereas, the Commissioners Court of Hood County, Texas, joined by the Comptroller of Public Accounts of the State of Texas, deem it necessary and expedient to contract with some competent person to enforce the collection of all delinquent State and County taxes for a per cent of said taxes, penalties and interest actually collected and paid to the Collector of taxes, as provided in chapter 21, Acts of the Third Called Session of the Thirty-Eighth Legislature, Article 7335, Revised Civil Statutes, 1925; Chapter 8, Acts Fourth Called Session of the Forty-First Legislature, Article 7335a, Vernon's Ann.Civ.St.; and chapter 229, Acts of the Forty-Second Legislature, Article 7264a, Vernon's Ann.Civ. St.; and, whereas, after making an investigation into the competency, experience and ability of W. F. Turner and E. M. Dodson, whose post office address is Marlin, Texas, as to their fitness for work, and after considering the same, are of the opinion that they are proper parties to take such steps as may be necessary to enforce or assist in enforcement of the collection of such delinquent taxes by the preparation, filing and pushing to a speedy conclusion all suits for the collection thereof, and that he has no official connection with any county office within said county, and that he is not related within the second degree by affinity or within the third degree of consanguinity to any member of the Commissioners Court, the tax collector, or county or district attorney now holding office in said county.

"Now, therefore, the contract made and entered into by and between the county of Hood and State of Texas, a body politic and corporate, acting herein by and through its Commissioners Court, joined by the Comptroller of Public Accounts of the State of Texas, hereinafter styled First Party, and W. F. Turner and E. M. Dodson, of the County of Falls, State of Texas, hereinafter styled Second Party.

"Witnesseth.

"First Party agrees and hereby does employ Second Party to enforce by suit or otherwise, and to aid and assist the local officers in the enforcement of the collection of all delinquent State and County ad valorem taxes, penalty and interest, and all delinquent taxes, penalty and interest (except taxes of independent school districts and incorporated cities and towns) due any and all political subdivisions or defined districts of said county and state which the county tax collector receives and receipts for, under the provisions of article 7254 and 7257, R.S.1925, Vernon's Ann.Civ.St. Arts. 7254 and 7257, and shown to be delinquent upon the delinquent tax records of said county from 1919 to the date of the termination of this contract as fixed in Section 8, thereof (including such personal property or insolvent taxes as the Commissioners Court and Second Party mutually deem collectable; provided current year taxes falling delinquent within the period of this contract shall become subject to its terms on the 1st day of September, following date of delinquency, July 1st.)"

Then follow several paragraphs prescribing the services to be performed by Turner and Dodson. Paragraph 7 reads as follows:

"First Party agrees to pay to Second Party as compensation for the services required hereunder —— per cent (not to exceed fifteen (15) per cent) of the amount collected of all delinquent taxes, penalty and interest of the years covered hereby, actually collected and paid to the collector of taxes during the term of this contract, of which Second Party is instrumental in collecting as evidenced by copies of communications, tax notices or abstracts filed with the tax collector prior to the terms of such tax, including collection taxes on property not appearing on the assessment rolls discovered by said Second Party, as and when collected, following the end of each monthly report within the period of this contract, accordingly as the collector makes up his monthly reports, provided cost of collecting delinquent taxes shall not exceed the amount of penalty and interest (Chapter 229, § 2, Regular Session, Forty-Second Legislature, Vernon's Ann.Civ.St. art. 7264a, § 2, having reference to the regular 8 per cent penalty and 6 per cent interest). The per cent of compensation here referred to shall be contingent upon the collection of such taxes as by act of the Legislature are required to be collected. Should any remission of penalty and interest on taxes appearing on the delinquent records be made by legislative enactment during the period of this contract, the same shall not be collected nor commission allowed thereon."

In paragraph 8 it is stipulated that the contract shall be in force from March 9, 1937, to March 9, 1939. It was signed by the county judge and four county commissioners, as first party, and by W. F. Turner and E. M. Dodson, as second party.

As a basis for the relief sought, plaintiffs alleged that the contract of employment of Turner and Dodson was void, for several reasons, which we shall not attempt to state because of conclusions reached and hereinafter noted.

Defendants filed an answer presenting a general demurrer and certain special exceptions to plaintiffs' petition, all of which were overruled. The court then proceeded with a trial of the case, at which evidence was heard, at the conclusion of which judgment was rendered denying plaintiffs the relief sought. Plaintiffs appealed.

This announcement in 11. Tex. Jur. § 82, p. 616, is well supported by decisions cited in the footnotes: "Doubtless, a county has capacity to defend actions at law which may be brought against it. If the purpose of a suit is to hold a county liable or in any way to affect its interests the county is a necessary party. The county must be joined as a party defendant in an action to enjoin the performance and execution of a contract made by the commissioners' court."

The holding in Allison v. Ellis, Tex. Civ.App., 248 S.W. 814, specifically supports that text, with citation of numerous decisions to the same effect. And in that opinion it was further held that a county is not made a party to a suit by joining the county commissioners and all officers of the county as parties defendants.

Under that rule of decisions, we conclude that Hood county was a necessary and an indispensable party to the suit, as presented by appellees in a special exception to plaintiffs' petition in the trial court, and urged by them in a counter proposition in this court; especially so, since the contract attacked shows on its face that it was made by the county with Turner and Dodson, for the benefit of the county. See also 32 Tex.Jur. § 9, p. 13; 3 Tex.Jur. § 571, p. 808.

It is therefore apparent on the face of the record that the judgment of the trial court on the merits of plaintiffs' suit was erroneous, and for that reason must be reversed, without a determination of the merits of any of appellants' assignments of error to the judgment rendered.

But the case will be remanded with instructions to sustain the defendants' special exception to the petition presenting the objection that Hood county is a necessary party to the suit, but granting plaintiffs leave, if requested, to file an amended petition obviating that objection. If such amended petition be not filed, then the trial court will dismiss plaintiffs' suit, at their cost. But if filed, then the court will proceed with the trial of the case in its regular course.

Reversed and remanded with instructions.