## MILLER et al. v. SNELSON et al.
### No. 3816.

Court of Civil Appeals of Texas. El Paso.

Feb. 23, 1939.

Rehearing Denied March 9, 1939.

505

Henry Russell and Hill D. Hudson, both of Pecos (John W. Stayton, of Austin, on the brief), for appellants.

T. H. Neel, Co. Atty., of Monahans, and John B. Howard and Potash & Cameron, all of El Paso, for appellees.

NEALON, Chief Justice.

This appeal involves a suit the object of which was to enjoin the issuance and sale of bonds that had been voted by the property taxpaying voters of Ward County and to restrain the County Judge and County Commissioners and County Tax Assessor and Collector, individually and as officials, from recognizing said bonds as a lawful obligation of Ward County, and to restrain the use of the bonds for the purpose of constructing a court house in the town of Monahans. The plaintiffs, who are appellants here, are property owning taxpaying citizens of Ward County. Defendants filed a plea in abatement and general demurrer, special exceptions and a plea to the merits. Upon hearing the court sustained defendants' plea in abatement and general and special exceptions. Plaintiffs refused to amend and perfected their appeal to this court.

The original petition, the sufficiency of which is the subject of this review, alleged that the bonds were to be issued as a result of an election held on July 2, 1938; that the bond issue was utterly void; that the County was indebted beyond the amount it could be reasonably supposed to pay; that various bond issues affecting improvement districts, school districts and irrigation districts were outstanding; that the contemplated bond issue was based upon a fictitious value of temporary character due to oil production in the county; that the bonds, "while not expressly so issued, * * * have been actually issued to build a court house in the town of Monahans," and the money will be so used if the bonds are issued and sold. Various irregularities are alleged, all of which should appear of record if they exist, and the existence of which, plaintiffs contend, render the proposed bond issue void.

Opinion

For two reasons it seems to us the petition was subject to general demurrer. First, Ward County was not made a party. The bonds, if and when issued and sold, will constitute a contract between Ward County and the purchasers by which the County will be obligated to pay the principal debt evidenced by them together with interest thereon. The County, therefore, was a necessary party to this suit. It was not made a party by joining the County Commissioners and other officers of the County as parties defendant. Estes v. Commissioners' Court of Hood County, Tex.Civ.App., 116 S.W. 2d 826; Allison v. Ellis, Tex.Civ.App., 248 S.W. 814.

The second fatal defect of the petition is that it was prematurely filed. It was not alleged that the bonds had been examined and certified by the Attorney General or registered by the Comptroller. Nor was it alleged that when the record was presented to the Attorney General it would be approved by him. Article 709, R.C.S., makes it the duty of the County Judge to forward the bonds to the Attorney General, together with a certified copy of the order levying the required tax and a statement of the total bonded indebtedness of the county, including the series of bonds proposed, together with the amount of the assessed value of the property of the county as shown by the last official assessment, as well as any additional information that the Attorney General may require. In any action brought to enforce collection of the bonds the certificate of approval of the Attorney General, after registration by the Comptroller's office, shall be prima facie evidence of the validity and binding effect of the obligations, and the only defense that can then be offered against the validity of the bonds will be either forgery or fraud. Article 715, R. C.S. The duty of the courts prior to approval of the bonds by the Attorney General is thus well stated by the San Antonio Court of Civil Appeals in Johnson v. Town of Refugio, 56 S.W.2d 674, 675:

506

"The courts of the state must assume that the Attorney General will faithfully perform the duty imposed upon him by the statute, that he will carefully and efficiently traverse such records, and discover and require the correction of errors therein which may invalidate the bonds, or else disapprove them. Until the issue has been submitted to him for his examination and report thereon, and it becomes apparent that he intends to approve them in contravention of the law, the courts will not interfere to prevent the Attorney General's action and opinion thereon. In our opinion this action was prematurely commenced, and was properly dismissed below. Smith v. Reaves, County Judge (Tex. Civ.App.) 208 S.W. 545; Bird v. Alexander (Tex.Civ.App.) 294 S.W. 305."

For the reasons stated we think the judgment of the trial court correct. It is accordingly affirmed.