CHARLIE H. MILLER ET AL V. FRED SNELSON ET AL.

No. 7570. Decided June 14, 1939.
(129 S. W., 2d Series, 288.)

*Henry Russell* and *Hill Hudson,* both of Pecos, and *John W. Stayton,* of Austin, for plantiffs in error.

It was error for the court to sustain the general demurrer and special exceptions filed by defendants, because plaintiffs having alleged that the commissioners' court had called and held the election for the issuance of court house bonds and were prepared to issue said bonds and to build said court house in the county seat of Ward County and having further alleged that as property owning citizens whose property would be subject to a tax lien to pay said bonds, they stated a cause of action, which, if true, would entitle them to a judgment cancelling said bonds and prohibiting the construction of the court house and jail. Dodson v. Marshall, 118 S. W. (2d) 621; Veltman v. Slator, 219 S. W. 530; Hodges v. Ward, 1 Texas 244; Turner v. Tucker, 113 Texas 434, 258 S. W. 149.

*T. H. Neel,* County Attorney for Ward County, of Monahans, *John B. Howard* and *Potash & Cameron,* all of El Paso, for defendants in error.

In determining the amount of indebtedness against a county to see if the constitutional limit has been reached, the various school districts, irrigation districts, and other such issues that are not county-wide are not considered, and only county-wide bonds are considered. McKinney v. O'Connor, 26 Texas 5; Wallis v. Williams, 110 S. W. 785; Altgelt v. Callaghan, 144 S. W. 1166.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Charlie H. Miller and Robert Miller, taxpaying citizens of

Ward County, brought this suit against Judge Fred Snelson, County Judge, F. I. Dyer, County Tax Assessor and Collector, and the four County Commissioners of Ward County, each of said officers being sued both in his individual and in his official capacity. The relief sought was a judgment declaring void certain bonds voted in Ward County for the purpose of erecting a courthouse and an injunction against the collection of any taxes to pay said bonds or the using of same for the purpose of constructing a court house in the town of Monahans. The trial court sustained a general demurrer to their petition and, upon their refusal to amend, dismissed the case. The Court of Civil Appeals affirmed the judgment of the trial court. 126 S. W. (2d) 504.

■ An analysis of the petition reveals that the bonds were attacked upon three grounds, the first being that Ward County was then indebted far beyond the amount it could reasonably be expected to pay. It was alleged that, as a result of the discovery of oil in the county, the valuation of the property therein at the time the suit was instituted was $70,000,000; that the production from the oil fields would rapidly decline, and that the actual permanent valuation would be less than $4,000,000. It was further alleged that certain named water power districts, school districts and irrigation districts in the county were heavily bonded; that some of those districts were in default, and that, by adding the indebtedness of those various districts to the indebtedness of the county the total would amount to more than $3,000,000. The bonded indebtedness of the county was not alleged, but only the total of the bonded indebtedness of the several districts of the county. The bonded indebtedness of a county, as such, is not measured by the sum of the outstanding bonds against the several districts located therein. The allegation that property values would shrink in the future does not raise any question as to the validity of the bonds. Obviously the bonds could not be declared void upon the first ground.

■ Another ground was that the bonds were to be used for the purpose of erecting a court house at Monahans, which, it was alleged, was not the county seat of Ward County. It has now been definitely adjudicated that Monahans is the county seat of Ward County and was at the time the bond election was called. Jensen v. Snelson, 126 S. W. (2d) 500. The bonds could not be declared void on this ground.

■ The other ground was that, if Monahans was, in fact, the county seat of Ward County, then the bonds were void because

the order calling an election to determine whether they should be issued was made at Barstow. The theory seems to be that an order entered by the Commissioners' Court at a place not the county seat is void. As disclosed by the opinion in Jensen v. Snelson, supra, the county seat of Ward County was formerly at Barstow and was removed to Monahans by an election held on May 10, 1938. That election was contested, and before the contest terminated and before the offices of the county officers were transferred to Monahans, the Commissioners' Court entered its order at Barstow calling the bond election for the purpose of providing a court house at Monahans. The claim is that said order should have been entered in Monahans, the county seat, and not in Barstow. By R. S. Art. 1603, it is provided that, as soon as practicable after the removal of the county seat from one place to another, the Commissioners' Court shall provide a court house and offices for the county officers at such new location. By this article the Legislature clearly intended that, until it was practicable to make the transfer, the business of the county should be carried on at the former county seat. The business of the county must be carried on somewhere, and certainly the former county seat is the proper place to carry it on. In this case there was no courthouse in Monahans. The purpose of the election was to erect one there so that the offices could be transferred to the county seat. To adopt the theory of plaintiffs in error would result in an impossible situation, and that is an all-sufficient reason for rejecting it.

The petition stated no ground upon which the bonds could be declared void and the trial court did not err, therefore, in sustaining the general demurrer thereto.

In affirming the judgment of the trial court the Court of Civil Appeals based its decision upon two grounds, first, the absence of necessary parties defendant, and second, the suit was prematurely brought. A formal motion for rehearing was filed in that court, assigning errors to the overruling of assignments brought up by plaintiffs in error from the trial court. The first two assignments were probably sufficient to challenge the holding that the suit was prematurely brought, but no assignment challenged the holding that there was an absence of necessary parties defendant. In that state of the record we would not be authorized to disturb the judgment of that court, even if we should disagree with its holdings on the questions discussed in its opinion. We, therefore, neither approve nor question them. Our judgment must be one of affirmance regardless of what our conclusions might be with reference thereto.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 14, 1939.