**PROWSE et al. v. WILSON et al.**

**No. 11726.**

Court of Civil Appeals of Texas. San Antonio.

June 25, 1947.

Kleberg, Eckhardt, Mobley & Roberts, of Corpus Christi, and McCall, Parkhurst & Crowe, of Dallas, for appellants.

Tarlton, Koch & Hale, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Sam E. Wilson, Jr., and Barton Dunn, property-owning and taxpaying citizens of Nueces County, against Joe D. Browning, County Judge, Horace Caldwell, R. R. Hall, John J. Sablatura and W. J. Bryan, County Commissioners, seeking to enjoin the issuance and sale of "Toll Causeway Revenue Bonds" and the construction of a causeway from Flour Bluff to Padre Island in Nueces County.

At a nonjury trial had on February 10, 1947, upon the merits for a permanent injunction, judgment was rendered for the plaintiff granting the perpetual injunction as prayed for, from which judgment an appeal was taken by the defendants, with the exception that George A. Prowse had succeeded Joe D. Browning as County

Judge and was named as an appellant in Browning's place.

Prior to the institution of this suit the defendants were about to award a contract for the construction of a causeway from Corpus Christi across Laguna Madre and the Intra-Coastal Canal to Padre Island, and to pay the cost by the issuance of revenue bonds authorized by Art. 6795b, Vernon's Ann.Civ.Stats.

Appellees, who were plaintiffs below, contended that the injunction should be granted because:

"(a) The last provision in Section 1 of Art. 6795b acted as a prohibition against constructing the causeway over the Intra-Coastal Canal since the causeway was to be financed with revenue bonds, and

"(b) Four provisions of the Act (H. B. 990, Ch. 509, p. 822 et seq., Acts of 47th Leg. Reg. Session, appearing as Art. 6795b, Vernon's Ann.Civ.Stats.), hereinafter set forth, were unconstitutional and that such unconstitutionality invalidated the entire Act despite the severability clause in respect to the unconstitutionality of any provision of the Act."

Since the rendition of the judgment the Legislature has passed and the Governor has approved House Bill No. 835. This Act became effective May 28, 1947, Vernon's Ann.Civ.St. art. 6795b–1, the date it was signed by the Governor.

■ The effect of this new act is to eliminate all of appellees' objections to the act, except the one relating to Section 4, Art. 6795b, reading in part as follows: "* * * All bonds issued hereunder shall and are hereby declared to have all of the qualifications and incidents of negotiable instruments under the Negotiable Instruments Law of Texas. * * *"

Appellees' exact contention is as follows: "The negotiable Instruments Act (Arts. 5932, R.C.S.1925) provides that an instrument to be negotiable 'must contain an unconditional promise or order to pay a sum certain in money' and further states (Sec. 3, subsection 2) that 'an order or promise to pay out of a particular fund is not unconditional.' Thus, by giving to the so-called 'revenue bonds' the attributes of negotiability as defined by the Negotiable Instruments Act, Art. 6795b makes these 'revenue bonds' general obligations of the County. though purported to be issued without a vote of the people, and therefore in controvention to Art. 3, Sec. 52 of the Constitution of Texas. [Vernon's Ann.St.]."

We overrule this contention. Section 1 of the Act expressly provides that the revenue bonds shall be "payable solely from the revenues to be derived from the operation" of the bridge. Section 2 provides "that no bonds authorized hereunder shall ever be a debt of the county issuing them, but shall be solely a charge upon the revenues of the project" and requires that each bond contain the clause: "The holder hereof shall never have the right to demand payment of this obligation out of any funds, raised or to be raised by taxation."

Such bonds can never become a general obligation of the county payable from taxes.

■ It is pointed out by appellants that Nueces County was never made a party to this suit by name.

Rule 33, T.R.C.P., provides that: "Suits by or against a county or incorporated city, town or village shall be in its corporate name." The county was a necessary party to this suit, as the county would be greatly affected thereby. Allison, County Judge, v. Ellis, Tex.Civ.App., 248 S.W. 814; Estes v. Commissioners' Court of Hood County, Tex.Civ.App., 116 S.W.2d 826.

Accordingly, the judgment granting the injunction is reversed, the injunction dissolved and the cause dismissed.