**DAVIS, County Judge, et al. v. WILDENTHAL.**

No. 4810.

Court of Civil Appeals of Texas. El Paso.

Feb. 14, 1951.

Motion for Rehearing Granted

March 7, 1951.

Rehearing Denied April 12, 1951.

L. B. Cooper, Cotulla, H. S. Groesbeeck, R. S. Crawford, Crystal City, for appellants.

Fritz Sorrell, Pearsall, for appellee.

McGILL, Justice.

Appellee, who was the Sheriff and Assessor and Collector of Taxes and a tax

paying citizen of La Salle County, filed this suit in the 81st Judicial District Court of La Salle County as plaintiff. He named as defendants the County Judge, the Commissioners Court, composed of the County Judge and four County Commissioners and the County Treasurer, all of La Salle County, and a firm of certified public accountants or auditors composed of Charles George, R. B. Thrift and Angus Cockrell, who resided and had their principal place of business in Bexar County. We shall hereafter refer to this firm as the "auditing firm".

Plaintiff alleged that on the 9th day of October, 1950, the Commissioners Court had by motion duly made and passed, accepted an offer or proposal of the auditing firm for auditing the records of La Salle County and had thereby attempted to bind and obligate the County to pay therefor; that the contract evidenced by said proposal and acceptance thereof was illegal and of no effect for various reasons not necessary to here notice in the view we take of the case; that the auditing firm was proceeding or threatening to commence said audit and plaintiff feared that if they performed such services the county would become obligated to pay them therefor on a quantum meruit basis. It was further alleged that on August 19 and September 23, 1950, the Commissioners Court had illegally transferred sums totaling $4,500.00 from the jury fund of La Salle County to the general fund of said county and that plaintiff feared the court would make other illegal transfers of constitutional funds of the county. The ultimate relief sought was that the auditing firm be enjoined from auditing or attempting to audit any of the records of La Salle County under said illegal and void contract; that the Commissioners Court be enjoined from paying or taking any steps to pay the auditing firm or any member thereof any sums provided to be paid by said contract; that the Commissioners Court and the County Treasurer be enjoined from transferring any of the constitutional funds of the county and that the treasurer be enjoined from disbursing upon demands of the general fund, con-

stitutional jury funds illegally transferred to the general fund of the county. A temporary restraining order and temporary injunction was prayed for. The court granted a temporary restraining order ex parte and set the matter down for hearing on the application for a temporary injunction. All defendants filed answers. The County Judge's answer consisted of various special exceptions but in none of the answers was there any exception to plaintiff's failure to make La Salle County a party to the suit. After hearing the trial court granted a temporary injunction in the following language:

"It is accordingly Ordered, Adjudged And Decreed that the Clerk of this Court issue a Writ of Injunction pending a final hearing and determination of this cause, enjoining the Defendants, George, Thrift and Cockrell, from auditing or attempting to audit any of the records of La Salle County, Texas, and enjoining the Commissioners Court of La Salle County, Texas, from paying, or taking any steps to pay, any sum or sums to the firm of George, Thrift and Cockrell, or any member of said firm, provided to be paid in the offer of said firm, dated October 6, 1950 and the acceptance of said offer by the Commissioners Court of La Salle County, Texas, of October 9, 1950; and enjoining the Defendants M. V. Davis, County Judge of La Salle County, Texas, and the Commissioners Court of La Salle County, Texas, from transferring any sums from constitutional funds to any other funds of La Salle County, Texas, and enjoining the Defendant, H. P. Gaddis, County Treasurer of La Salle County, Texas, from disbursing any and all funds transferred to the General Fund of said County from the Jury Fund of said County, upon demands thereon on said General Fund: provided that Plaintiff shall, prior to issuance of such Temporary Injunction, file with the Clerk a bond executed by him in the sum of Five Hundred and No/100 ($500.00) Dollars, payable to the Defendants, with two or more good and sufficient sureties, approved and conditioned as the law requires, to which action of the Court, the defendants then and there ex-

cepted and gave notice of appeal to the Court of Civil Appeals for the fourth supreme Judicial District of Texas, sitting at San Antonio.

Entered, this, the *4th* day of November, A.D. 1950."

We note that an appeal bond for costs was timely filed by the County Judge and three of the Commissioners only.

It is apparent of record that La Salle County was a necessary and indispensable party to this suit. Estes v. Commissioners Court of Hood County, Tex.Civ.App., 116 S.W.2d 826; 11 Tex.Jur. Sec. 82, p. 616; Prowse v. Wilson, Tex.Civ.App., 203 S.W.2d 791.

Whether an audit of the records and fiscal affairs of the county should be made and paid for out of common funds was of course a matter in which the county was vitally interested. In fact, from a financial point of view, the county was the principal interested party, if not the only one, unless the officers and their bondsmen should be held liable for the illegal expenditure of county funds should the contract be held to be void.

Although the point was not raised in the trial court and has not been raised in this court, we think we are not only authorized to notice it but that it is our duty to do so. The absence of a necessary or essential party constitutes fundamental error in the judgment rendered. Unquestionably prior to the effective date of the present Texas Rules of Civil Procedure it was the duty of Appellate Courts to notice such error whenever it appeared of record. See Adams v. Bankers Life Co., Tex.Com.App., 36 S.W.2d 182, loc.cit. 185 (5, 6) Com.App.Op. approved; 32 Tex. Jur. Sec. 88, p. 128–9.

Since the adoption of the present Rules of Procedure we think it is still our duty to notice such fundamental error where a matter of public interest is involved. See Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, and especially the concurring opinion of Chief Justice Alexander.

Furthermore, since the adoption of the present Rules it has been said that a court should sua sponte decline to proceed with a trial when it is made to appear that necessary parties are not before it. Grogan Mfg. Co. v. Lane, Tex.Civ.App., 173 S.W.2d 655 (wr.ref.w.m.).

La Salle County was not made a party to this suit by joining the County Judge and County Commissioners and the County treasurer as parties defendant. Miller v. Snelson, Tex.Civ.App., 126 S.W.2d 504, affirmed 133 Tex. 364, 129 S.W.2d 288 on other grounds, (Com.App.op.ad.). Nor was the county made a party to the suit by joining the Commissioners Court eo nomine as a party defendant. Estes v. Commissioners Court of Hood County, supra; Rule 33, Texas Rules of Civil Procedure. Therefore, the judgment of the trial court is reversed and the cause remanded to that court with instructions to dismiss the suit unless La Salle County is made a party thereto.

Reversed and remanded with instructions.

### On Appellee's Motion For Rehearing.

PRICE, Chief Justice.

In his motion for a re-hearing appellee insists that we were in error in holding that La Salle County was a necessary and indispensable party to this suit. He cites and relies heavily on Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367, 369, Wr.ref. 108 Tex. 14, 191 S.W. 1138, with concurring opinion by Mr. Justice Hawkins. This authority unquestionably enunciates the rule that "when a state officer acts without legal authority, he is not acting for or in the interest of the state, and a suit against him is not a suit against the state. * * * Making a state officer a party does not make the state a party, although her law may have prompted his action, and the state may stand behind as a real party in interest."

This rule has been adhered to by the Supreme Court as recently as the case of Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837. We have concluded that in the case at bar the rule is applicable insofar as the judgment of the trial court enjoined the County Judge and Commissioners Court from transfer-

ring any sums from constitutional funds to any other funds of La Salle County and the County Treasurer from disbursing any funds transferred from the jury fund to the general fund upon demands of the general fund. Such transfers and expenditures are clearly illegal. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504.

A different question is presented as to that portion of the judgment which enjoins the auditing firm from auditing or attempting to audit any of the records of La Salle County and the Commissioners Court from paying or taking any steps to pay to the auditing firm or any member thereof any sum or sums provided to be paid in the offer of said firm of October 6, 1950, and the acceptance of such offer by the order of the Commissioners Court of October 9, 1950. The County Judge and County Commissioners in their official capacities and the Commissioners Court as the governing body of the county could contract only in behalf of the county. The county was therefore a party to the contract. In Middleton v. Terrell, Governor Colquitt did not purport to enter into a contract on behalf of the State. He did attempt to bind the State for the purchase of certain groceries and supplies which he had made or authorized for the operation of the Governor's mansion, and the Legislature attempted to approve such purchases by making a deficiency appropriation therefor. We think there is a valid distinction between the situation reflected in Middleton v. Terrell and that reflected in the case at bar, where a taxpayer is seeking to enjoin expenditures from county funds which have been authorized by a contract concededly entered into in behalf of the county and which he alleges to be illegal and void. The same learned Justice of the San Antonio Court of Civil Appeals who wrote the opinion in Middleton v. Terrell also wrote the opinion of that court in Allison, County Judge, v. Ellis, Tex.Civ. App., 248 S.W. 814, 815, which was cited in Estes v. Commissioners Court of Hood County, Tex.Civ.App., 116 S.W.2d 826, which was in turn cited by us in our original opinion. In Allison v. Ellis the object

of the suit was to restrain the County Judge, County Commissioners, County Clerk, County Treasurer and County Engineer, all officers of Edwards County, and the Tibbetts Construction Company, from the performance and execution of a certain contract made between the Commissioners Court of Edwards County and the construction company for the construction of 4000 lineal feet of macadamized public road in Commissioners Precinct No. 1 of Edwards County. Edwards County was not made a party to that suit. The trial court had granted a temporary injunction as prayed for; the Court of Civil Appeals reversed the judgment of the trial court and dissolved such temporary injunction. In the course of the opinion the court said:

"It cannot with any degree of sound reasoning be contended that the county will not be affected by the decree rendered in this case, whether it be to sustain the acts of its officers and agents or to annul them. Neither can a want of necessary parties be disregarded on an assumption that the allegations of the petition show an invalid contract by which the county is not bound. The demands for the necessary parties in a court of equity cannot be met in any such way. The county has the right to be in at the death of a contract to which its officers have bound it. Its interests cannot be determined in a suit to which it is not a party. Again no decree should be rendered which would not be res adjudicata of every matter in the case, and, as said in Vance v. Miller, herein cited:

" 'Without a decree against the corporation there would be nothing to prevent any future officer from proceeding to collect the taxes complained of under the present records, which must be held so defective as not to authorize the tax collector to collect the taxes assessed.' "

and said that the only question presented was whether Edwards County was a necessary party to the suit and held that it was. It is inconceivable that the learned Chief Justice had forgotten Terrell v. Middleton and did not have this authority in mind, when he used the above language. To the same effect is Estes v. Commissioners Court

of Hood County, supra. In Christian v. Hood, Tex.Civ.App., 19 S.W.2d 621, the Amarillo Court of Civil Appeals held that under a factual situation in no respect differing from that presented here the auditing firm with whom the contract had been made in behalf of the county was a necessary party to the suit, and dismissed the appeal for that reason. None of these cases reached the Supreme Court. However, in Bryan v. Texas State Board of Education, Tex.Civ. App., 163 S.W.2d 837, (w.r.w.m.) in which tax paying citizens sought to enjoin the Texas State Board of Education, the individual members thereof, the State Superintendent of Public Instruction, the State Treasurer and divers purchasing concerns holding contracts with the State to supply textbooks, this court held that the suit was in effect a suit against the State, which could not be maintained without the consent of the State, and that if we were in error in this respect the State was a necessary party to the suit and the suit could not be maintained in its absence. A writ of error in this case was denied by the Supreme Court for want of merit. Appellant cites, and to some extent relies on Osborne v. Keith, 142 Tex. 262, 177 S.W. 2d 198. This was a suit by a taxpaying citizen to enjoin the expenditure of money by the County Judge, County Commissioners and other officers of the county under a contract alleged to be illegal. The court nowhere mentions or refers to the fact that the county was not made a party to the suit. It is said, in the course of the opinion: "This court recognizes the right of a taxpaying citizen to maintain an action in a court of equity to enjoin public officials from expending public funds under a contract that is void or illegal. Looscan v. County of Harris, 58 Tex. 511; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middle-

ton, Tex.Civ.App., 187 S.W. 367, error refused, 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94". (177 S.W.2d loc. cit. 200 (1, 2).

However, the basis of the decision is that the plaintiff showed no cause of action, and in the next to last paragraph the court said: "It is our opinion that, under the admitted facts of this case, a citizen, as such, is not authorized to institute such an action, and neither is the district court clothed with authority to hear it."

Of course the judgment of the Supreme Court, which reversed the judgment of the lower courts and rendered judgment that the plaintiff take nothing, had the same effect as though the court had ordered the suit dismissed because of the absence of a necessary party thereto. We think this authority is not in conflict with our holding and the views herein expressed. It is therefore ordered that appellee's motion for re-hearing be granted in part, and our former judgment set aside insofar as it reversed that portion of the trial court's judgment which enjoined the County Judge and Commissioners Court from transferring any sums from constitutional funds to any other funds of La Salle County and the County Treasurer from disbursing any funds transferred from the jury fund to the general fund upon demands of the general fund, and that this portion of the judgment be and is affirmed. In all other respects appellee's motion for re-hearing is overruled, the other portion of the trial court's judgment reversed and the cause remanded in conformity with our former opinion.

McGILL, J., concurs.

SUTTON, J., not sitting.