Currie v. Travis County 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00533-CV







Laurin Currie, Appellant



v.



Travis County, Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY 


NO. 219,723, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







PER CURIAM


 This appeal arises from a suit on a sworn account. Tex. R. Civ. P. 185. Appellee
Travis County, Texas, sued appellant Laurin Currie for the costs of conducting a recount of votes
cast in the Travis County Commissioner Precinct Two general election of 1992. Tex. Elec. Code
Ann. § 215.010 (West 1986). Currie answered, alleging that he had deposited a sum greater than
the recount costs and was entitled to a refund. The trial court granted Travis County's motion for
summary judgment. We will affirm the judgment of the trial court.

 The summary-judgment evidence shows that Currie was the losing candidate in the
1992 election for Travis County Commissioner Precinct Two. On November 12, 1992, Currie
submitted a petition for manual recount of the ballots cast in that race and a deposit of $1,350.00
to cover recount costs. After forty-two percent of the total vote had been recounted, Currie
withdrew his request for a recount in the belief that the partial recount validated the final election
results. Because the recount did not change the outcome of the election, recount costs were
assessable against Currie. Tex. Elec. Code Ann. § 215.003(a) (West 1986). The dispute between
Currie and Travis County over the amount due resulted in Travis County's suit against Currie.

 In his first point of error, Currie claims that the trial court erred in denying his plea
to the jurisdiction. Currie first objects that Travis County failed to prove that the Travis County
Commissioners Court ordered that the cause against him be prosecuted. Unless authorized by
statute to act independently, a county attorney has no authority to institute a lawsuit on behalf of
the county without being instructed to do so by the commissioners court. 36 David B. Brooks,
County and Special District Law § 21.17 (Texas Practice 1989).

 On the day the court heard Travis County's motion for summary judgment, the
County filed a reply to Currie's response to its summary-judgment motion. Currie states in his
brief that the County served this document on him at the summary-judgment hearing. Attached
to the County's reply is a copy of the Commissioners Court's minutes for September 14, 1993. 
Currie argues that because the County's reply was filed without leave of the trial court, this Court
cannot consider the minutes on appeal.

 Nothing in Texas Rule of Civil Procedure 166a(c) fixes the time within which a
movant's reply must be filed. Knapp v. Eppright, 783 S.W.2d 293, 296 (Tex. App.--Houston
[14th Dist.] 1989, no writ); see Tex. R. Civ. P. 166a(c). One court has determined that a movant
can file its reply setting forth objections to the nonmovant's response on the day of the summary-judgment hearing. Wright v. Lewis, 777 S.W.2d 520, 522 (Tex. App.--Corpus Christi 1989, writ
denied). In any event, Currie has not provided a record showing that at the hearing he objected
to the consideration of the evidence, nor did he complain of it in his motion for new trial or any
other document of record. Currie has not preserved the alleged error for review. Tex. R. App.
P. 52(a); Knapp, 783 S.W.2d at 296; Wright, 777 S.W.2d at 522; Hudenburg v. Neff, 643
S.W.2d 517, 519 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.), cert. denied, 464 U.S.
937 (1983). The clerk filed the County's reply before filing the court's judgment, which recites
that the court considered all pleadings and evidence on file. We will therefore treat the reply as
part of the summary-judgment record.

 The minutes show that at a meeting of the Commissioners Court on September 14,
1993, the county judge moved to authorize the county attorney to sue Currie for the cost of the
1992 election recount. The motion was seconded and passed. The minutes of the Commissioners
Court suffice to show its official act of authorizing suit against Currie. Renfro v. Shropshire, 566
S.W.2d 688, 692 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.).

 Currie further objects that September 14, 1993, precedes the date he received an
itemized statement of costs and the date he inspected the cost records in the county clerk's office. 
He claims that receiving the statement and inspecting the records are conditions precedent to filing
suit. See Tex. Elec. Code. Ann. § 215.009 (West 1986). The Election Code requires only that
before the recount coordinator refers the matter to the appropriate authority for legal action,
ninety days have passed since the coordinator demanded payment. Tex. Elec. Code Ann. §
215.010(b) (West 1986). The summary-judgment evidence shows that, more than ninety days
after payment was demanded, the county judge, who was also the recount coordinator, obtained
authorization from the Commissioners Court for the county attorney to sue Currie. See Tex. Elec.
Code Ann. § 211.002(6) (West 1986). Travis County therefore met the requirements of the
Election Code for instituting legal action.

 Currie next argues that jurisdiction of the County's suit properly lay in the district
court rather than the statutory county court. A statutory county court does not have jurisdiction
over causes concerning "the general administration of county business that is within the
jurisdiction of the commissioners court of each county." Tex. Gov't Code Ann. § 25.0003(b)
(West 1988). Currie claims that it was the county's business to assess the recount costs. He also
urges that the district court must determine the legality and reasonableness of the assessment under
its constitutional grant of "appellate jurisdiction and general supervisory control over the County
Commissioners Court." Tex. Const. art. V, § 8.

 We do not characterize the County's suit for a debt as one concerning the general
administration of county business. The language of the Government Code associates the general
administration of county business with those matters within the jurisdiction of the Commissioners
Court. Tex. Gov't Code Ann. § 25.0003(b) (West 1988). Matters within the Commissioners
Court's jurisdiction would include, for example, adopting a sick leave policy for employees of the
statutory county court or setting constables' salaries. See Op. Tex. Att'y Gen. No. MW-268
(1980); see, e.g., Ector County v. Stringer, 843 S.W.2d 477, 479 (Tex. 1992). A statutory
county court improperly assumes jurisdiction over the general administration of county business
when it duplicates a function entrusted to the Commissioners Court. See, e.g., Op. Tex. Att'y
Gen. MW-268 (1980). The statutory county court's adjudication of the claim the County chose
to litigate does not involve the court in the administration of county business. See Guynes v.
Galveston County, 861 S.W.2d 861, 863-64 (Tex. 1993) (Commissioners Court generally has
power to seek legal assistance and choose its legal remedies). 

 Further, the County was not required to sue Currie in the district court. The
County did not sue to challenge its own order authorizing the suit against Currie. If Currie
wished to challenge the Commissioners Court's decision to sue him as being arbitrary or beyond
the court's jurisdiction, he was entitled to sue the County in district court. Tex. Const. art. V,
§ 8; Ector County, 843 S.W.2d at 479; Grant v. Ammerman, 437 S.W.2d 547, 550 (Tex. 1969);
Harris County v. Bassett, 139 S.W.2d 180, 182 (Tex. Civ. App.--Galveston 1940, writ ref'd). 
The amount in controversy was within the jurisdiction of the statutory county court. Tex. Gov't
Code Ann. § 25.0003(c) (West Supp. 1995). Because the trial court correctly denied Currie's
plea to the jurisdiction, we overrule point one.

 In point of error two, Currie argues that the trial court erroneously denied his
special exception to the County's failure to plead the components of its suit on a sworn account. 
See Tex. R. Civ. P. 185. The trial court has broad discretion in ruling on special exceptions, and
its ruling will not be disturbed on appeal absent an abuse of discretion resulting in harm. Slentz
v. American Airlines, Inc., 817 S.W.2d 366, 368 (Tex. App.--Austin 1991, writ denied). A
petition is sufficient if it gives fair and adequate notice of the facts on which the pleader bases his
claim. City of Houston v. Howard, 786 S.W.2d 391, 393 (Tex. App.--Houston [1st Dist.] 1990,
writ denied). The test of fair notice is whether an opposing attorney of reasonable competence,
with the pleadings before him, can determine the nature of the controversy and the testimony
probably relevant. Id.

 Travis County alleged as follows: at Currie's request the Travis County Recount
Supervisor conducted a manual recount of the 1992 general election for Travis County
Commissioner Precinct Two; Currie deposited $1,350.00 to cover recount costs; the recount did
not change the election outcome; the Election Code allowed the costs of conducting the recount
to be assessed against Currie; the Code specifies the costs assessable; the assessable costs were
$3,379.73 to compensate the recount committee plus a $15.00 service charge; the County
demanded payment for the difference of $2,044,73; and the amount owed remained unpaid more
than ninety days after demand. These allegations gave Currie fair notice of the nature of the
controversy. See Worley v. Butler, 809 S.W.2d 242, 245 (Tex. App.--Corpus Christi 1990, no
writ). Because the trial court acted within its discretion in denying the special exception, we
overrule point two.

 In his third point of error, Currie asserts that the trial court erred in denying his
special exception to the failure of Travis County to name the Commissioners Court as a party. 
If the purpose of a lawsuit is in any way to affect a county's interests, the county is a necessary
party. Estes v. Commissioners Court, 116 S.W.2d 826, 828 (Tex. Civ. App.--Fort Worth 1938,
no writ). In such a case, a judgment rendered against the Commissioners Court would be
erroneous. Id. A suit by a county must be brought in its corporate name. Tex. R. Civ. P. 33. 
Travis County, to whom the debt was owed, properly sued Currie in its corporate capacity
without joining the Commissioners Court as a party. We overrule point three.

 In point of error four, Currie charges that the trial court erred in denying his
special exception to Travis County's failure to allege that the Commissioners Court authorized the
suit against him. Travis County pleaded that because of Currie's default in payment, the County
referred the matter to the county attorney to file suit. Currie has not presented, nor have we
found, any authority requiring the County to allege in its petition that the Commissioners Court
authorized suit. Any error of the court in denying the exception is not reversible, however,
because Currie cannot show that he was harmed. Slentz, 817 S.W.2d at 369. Despite the denial
of the exception, evidence was presented that proved the Commissioners Court's authorization to
sue. Currie has not shown that any error of the trial court caused the rendition of an improper
judgment. Tex. R. App. P. 81(b)(1). We overrule point four.

 In point of error five, Currie argues that the trial court erroneously denied his
special exception to the County's failure to give notice of the conditions precedent to filing suit
and how they were met. The County alleged that it demanded payment of $2,044.73 by letter to
Currie dated May 25, 1993, and that the amount owed remained unpaid ninety days after demand. 
The County specifically referred to section 215.010(b) of the Election Code as containing the
conditions precedent that it had met. Because Travis County was required to do no more, we
overrule point five.

 Currie argues in point of error six that the trial court erroneously failed to grant
his special exception to Travis County's failure to allege how and when it demanded payment and
to include in its pleadings a copy of the demand. In his seventh point of error, Currie asserts that
the trial court should have granted his special exception to Travis County's failure to allege how
and when it presented its claim and to include a copy of its presentment in the pleadings. As
discussed above, Travis County pleaded that by letter dated May 25, 1993, it demanded payment
from Currie of $2,044.73 for costs of the recount. The County attached as an exhibit to its
petition a copy of the May 25, 1993, demand letter. We therefore overrule points six and seven.

 In his eighth point of error, Currie asserts generally that the trial court erred in
granting the motion for summary judgment. He specifically argues that fact issues exist as to his
responsibility to pay the County for the cost of sorting early voting ballots by precinct before
those cast in the Precinct Two Commissioner's race could be counted. He also argues that a fact
issue was raised whether the custodian of ballots was authorized to deliver to the recount
committee early voting ballots that were not involved in the recount.

 Issues not expressly presented to the trial court in the response shall not be
considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). In his response to Travis
County's motion for summary judgment, Currie asserted that a fact issue existed whether he was
assessed costs that were Travis County's responsibility. He also asserted that a fact issue was
presented whether Travis County denied him equal treatment and equal protection. Currie did not
specifically present to the trial court the fact issues he asserts on appeal. (1)
 McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993); e.g., Hartsfield v. McRee Ford, Inc., 893
S.W.2d 148, 151 n.3 (Tex. App.--Houston [1st Dist.] 1995, no writ); Harris v. Annuity Bd. of the
Southern Baptist Convention, 666 S.W.2d 346, 350 (Tex. App.--Corpus Christi 1984, writ ref'd
n.r.e.). We overrule point eight.

 By cross-point, Travis County requests damages under Texas Rule of Appellate
Procedure 84. Rule 84 authorizes an appellate court to award damages if it determines that the
appellant has appealed solely for delay and with no sufficient cause. Gaines v. Frawley, 739
S.W.2d 950, 956-57 (Tex. App.--Fort Worth 1987, no writ); Bullock v. Sage Energy Co., 728
S.W.2d 465, 468-69 (Tex. App.--Austin 1987, writ ref'd n.r.e.). Currie provided a full record
for our review and at least some of his points presented an arguable basis for reversal. Viewing
the case from the advocate's point of view, we cannot say that Currie had no reasonable ground
to believe that the judgment would be reversed and that he appealed solely for delay. We
therefore overrule the County's cross-point.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1.   Currie raised the specific issue whether he was liable for the costs of sorting ballots only
in his summary-judgment evidence. We find no reference at all to the issue of the authority
of the custodian of ballots to deliver early voting ballots not involved in the recount to the
recount committee.