

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 27, 1963

Honorable Edna Cisneros
County and District Attorney
Willacy County
Raymondville, Texas

Opinion No. C-186

Re: (1) Authority of Willacy
County to contract with
a private firm to make a
feasibility study of and
to recommend a financing
plan for a proposed cause-
way; (2) liability of coun-
ty for payment of princi-
pal and interest on County
Causeway Revenue Bonds.

Dear Miss Cisneros:

In your letter requesting an opinion of this office,
you state that Willacy County is exploring the feasibility of
building a causeway from Port Mansfield to Padre Island, the
cost of the causeway to be financed with a proposed revenue
bond issue. In connection with the financing problems, you
advise that the Commissioners' Court has entered into an
agreement with a firm specializing in municipal finance to
act as fiscal agents to explore the ways and means of finan-
cing the proposed causeway and to evolve, if feasible, a firm
plan of financing for the consideration of the Commissioners'
Court.

You have asked the following questions:

1. "Does a county have the statutory authority
to enter into an exclusive contract with a
bonding firm granting to them the right to
make a feasibility study and to recommend a
financing program for the construction of
a causeway to be financed by a revenue bond
issue? "

2. "Can the bond or financial structure of a county be adversely affected in any way if said county should consummate an agreement with a private bonding firm to make a feasibility study to determine the feasibility of building a causeway from the mainland of said county to Padre Island to be financed by County Revenue Bonds if such feasibility is established and if the revenue of such causeway would be insufficient to meet such bond requirements?"

3. "Is it legally possible for the county to be obligated for defaulting interest payments or principal payments in any way if the causeway built upon a purely revenue bond basis fails to sustain sufficient traffic to pay the interest on the indebtedness for four consecutive years or any period?"

In answer to question number 1, supra, we find no specific statutory authority for an agreement such as is described in your request. However, Willacy County, by the provisions of Article 6795b, Vernon's Civil Statutes, is authorized to construct, acquire, improve, operate, and maintain a causeway from one point in the county to Padre Island and to issue its revenue bonds payable solely from the revenues to be derived from the operation thereof to pay the cost of such construction, acquisition, or improvement. We think it is manifest that in order to soundly exercise this authority granted by the Legislature, the advice and counsel of experts in the field of finance is necessary. This is a highly technical field and one calling for advice from persons highly trained in such matters. This being the case, we think that authority to enter into such an agreement as is outlined in your request is implied from the powers that have been expressly granted to the Commissioners' Court. Pritchard & Abbott v. Patrick H. McKenna, 162 Tex.617, 350 S.W.2d 333 (1961).

To answer questions 2 and 3, supra, let us assume that county revenue bonds have been authorized, sold, and the proceeds used to finance construction of the causeway, and that the revenues derived from the operation of the causeway are insufficient to meet the principal and interest requirements of the bonds as such interest and principal become due. Article 6795b, Vernon's Civil Statutes, specifically provides in Section 1 that the bonds shall be ". . . payable solely from the revenues . . .". Section 2 of said article provides that "No bonds authorized hereunder shall ever be a debt of the county issuing them, but shall be solely a charge upon the revenues of the project and shall never be reckoned in determining the power of the county to issue any bonds for any purpose authorized by law. Each such bond shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.' . . .". Therefore, at this point, it is clear that the financial structure of the county can not be adversely affected and the county can not legally be obligated for the defaulted payments insofar as tax moneys are concerned. Prowse v. Wilson, 203 S.W.2d 791 (Tex.Civ.App. 1947). As to what effect such defaults would have on the "credit rating" of the county, we can not say, as that is not a legal question. At the present time, there is only one way by which the county could become legally obligated to pay the principal and interest on outstanding causeway revenue bonds from tax funds. Article 795a, Vernon's Civil Statutes, authorizes the issuance of county tax bonds for the purpose of refunding such outstanding revenue bonds. Said article provides that the Commissioners' Court shall not authorize the issuance of such refunding bonds unless authorized at an election at which only the qualified voters who reside in the county and who own taxable property therein and who have duly rendered the same for taxation shall be allowed to vote, and unless the majority of the votes cast thereat are in favor of issuing the bonds. Article 795a further provides "That the aggregate principal amount of bonds issued from time to time pursuant to this Act and at any time outstanding, shall not exceed a principal amount which will permit the interest on and the principal of such bonds to be paid from a tax levied within the eighty cent (80¢) limitation provided by Article 8, Section 9 of the Texas Constitution . . ."

## S U M M A R Y

Willacy County has implied authority to contract with a private firm to make a feasibility study of and to recommend a financing plan for a proposed causeway. A county can not become obligated to pay the principal of and interest on causeway revenue bonds from tax funds unless refunding bonds are authorized as provided by Article 795a, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: Robert T. Lewis
    Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Howard W. Mays
Dudley McCalla
Malcolm Quick


APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone